# Exhibit A

5/23/2025 3:41 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-003779
Ruben Tamez

NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. D-1-GN-25-003779

| | | |
|---|---|---|
| **YVONNE GARY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | 261ST, DISTRICT COURT |
| **V.** | § | **____________ JUDICIAL DISTRICT** |
| | § | |
| **TARGET CORP, A MINN CORP** | § | |
| **Defendant.** | § | **OF TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES YVONNE RENEA GARY, hereinafter called Plaintiff, complaining of and about TARGET CORPORATION, a Minnesota corporation, hereinafter called Defendant, and for cause of action would show unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

**1.** Plaintiff intends that discovery be conducted under Discovery Level 3 pursuant to Texas Rules of Civil Procedure 190.4. This election is made due to the claimed damages exceeding $1.5 million and the complex nature of this premises liability case involving multiple severe injuries, extensive medical treatment, and claims for exemplary damages requiring customized discovery procedures tailored to the complexities and specific needs of this case.

## PARTIES AND SERVICE

**2.** Plaintiff, YVONNE RENEA GARY, is an individual whose address is 555 I-35, Round Rock, TX 78664. Plaintiff brings this action as an individual who sustained injuries while lawfully present as an invitee at Defendant's premises.

**3.** The last three numbers of Plaintiff's driver's license number are 265. The last three numbers of Plaintiff's social security number are 101.

**4.** Defendant TARGET CORPORATION, a Minnesota corporation, is a foreign corporation authorized to do business in Texas. TARGET CORPORATION owns, operates, controls, and maintains retail stores throughout Texas, including the premises where this incident occurred. Service of process on Defendant may be effected by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or alternatively, the Secretary of State of Texas pursuant to the Texas Business Organizations Code, as Target Corporation's designated agent for service of process may be found through the Texas Secretary of State's records.

## JURISDICTION AND VENUE

**5.** The subject matter in controversy is within the jurisdictional limits of this court.

**6.** Plaintiff seeks: a. monetary relief over $1,000,000.

**7.** This court has jurisdiction over the parties because Defendant conducts substantial and continuous business operations in Texas, maintains retail locations throughout the state including Travis County, and the incident giving rise to this lawsuit occurred at Defendant's Travis County premises.

**8.** Venue in TRAVIS County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county at Defendant's premises located at 121 Louis Henna Blvd, Round Rock, Texas 78664.

**FACTS**

**9.** At all times material hereto, Defendant TARGET CORPORATION was the owner, operator, controller, and/or possessor of the premises located at 121 Louis Henna Blvd, Round Rock, Texas 78664.

**10.** On December 24, 2023, Plaintiff YVONNE RENEA GARY was lawfully present as an invitee at Defendant's retail store for the mutual benefit of shopping activities when she encountered a dangerous condition consisting of an accumulation of liquid on the floor in a high-traffic customer aisle.

**11.** The liquid created an unreasonably dangerous and hazardous condition that was not open and obvious to customers using ordinary care. The condition was not contained, marked, or adequately warned of by signage, barriers, or other safety measures.

**12.** Upon information and belief, the liquid condition existed for a sufficient period of time before Plaintiff's fall that Defendant knew or, in the exercise of reasonable care, should have known of its existence through reasonable inspection procedures, particularly given that the incident occurred during peak holiday shopping on Christmas Eve in a high-traffic customer area.L

**LEGAL DUTIES AND STANDARDS**

**13.** As the owner/operator of the premises, Defendant Target Corporation owed Plaintiff Yvonne Gary, an invitee, a duty under Texas law to exercise ordinary care to keep the premises in a reasonably safe condition, which includes the duty to inspect the premises to discover any latent defects and to make safe any latent defects or to give adequate warning thereof.

**CAUSES OF ACTION**

**Premises Liability/Negligence**

A. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
B. Defendant Target Corporation breached its duties owed to Plaintiff and was negligent in one or more of the following ways:
C. Failing to maintain the premises in a reasonably safe condition;
D. Failing to inspect the premises adequately and with reasonable frequency given the known high-traffic conditions;
E. Failing to discover the liquid condition through reasonable inspection;
F. Failing to remedy or remove the liquid condition within a reasonable time;
G. Failing to adequately warn customers of the liquid condition;
H. Failing to barricade or cordon off the liquid condition;
I. Failing to provide adequate lighting in the area (if applicable to visibility of the hazard);

J. Failing to implement adequate safety protocols for hazard identification and remediation;
K. Failing to implement and enforce reasonable safety protocols appropriate for peak holiday shopping periods when increased customer traffic creates heightened risks of spills and other hazardous conditions;
L. Failing to adequately train and supervise employees in hazard identification, spill response, and customer safety procedures, particularly during high-risk periods such as peak holiday shopping;
M. Failing to exercise the degree of care that a reasonably prudent retail operator would exercise under the same or similar circumstances.

**Negligence Per Se**

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Upon information and belief, Defendant's maintenance of the premises violated applicable safety codes and standards, including but not limited to:

A. International Building Code (IBC) Section 1003.4, which requires that "Walking surfaces of the means of egress shall have a slip-resistant surface and be securely attached";
B. ANSI A137.1 American National Standard Specifications for Ceramic Tile and/or ANSI A326.3 Test Method for Measuring Dynamic Coefficient of Friction, which establish minimum slip resistance standards for interior floors expected to be walked upon when wet, requiring a minimum wet Dynamic Coefficient of Friction (DCOF) of 0.42;
C. Other applicable Round Rock municipal ordinances, Travis County regulations, and/or Texas building codes related to safe maintenance of commercial retail floor surfaces.

18. These statutes, codes, and standards were designed to protect persons such as Plaintiff from slip and fall injuries.

19. Defendant's violation of these applicable safety standards constituted negligence per se, which proximately caused Plaintiff's injuries and damages.

**Negligent Training and Supervision**

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendant Target Corporation was independently negligent in:

A. Failing to adequately train its employees in proper hazard identification and spill response procedures;
B. Failing to adequately train employees on safety protocols specific to high-traffic periods such as peak holiday shopping;
C. Failing to provide adequate supervision to ensure compliance with safety protocols;
D. Failing to implement adequate staffing levels during peak periods to ensure reasonable inspection and maintenance of the premises;
E. Failing to establish and enforce reasonable policies and procedures for floor safety and spill response.

22. These acts and omissions constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

**Gross Negligence**

**23.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**24.** Defendant Target Corporation acted with gross negligence. When viewed objectively from Defendant's standpoint at the time, Defendant's acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to customers. The failure to maintain safe conditions during peak holiday shopping created an extreme degree of risk considering the high volume of customer traffic on Christmas Eve, increased likelihood of spills and hazardous conditions, probability of serious injury from slip and fall accidents, and magnitude of potential harm to customers navigating the store.

**25.** Defendant Target Corporation had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and other customers. Defendant's actual, subjective awareness included:

- **A.** Corporate knowledge through its risk management, safety, and operations departments of recurring slip and fall hazards at retail locations nationwide;
- **B.** Awareness through internal data, incident reports, and industry information of increased slip and fall risks during high-traffic shopping periods;
- **C.** Knowledge of statistical data regarding slip and fall incident frequency during peak retail periods such as Christmas Eve;
- **D.** Awareness through prior incidents, safety audits, and/or industry warnings of the specific hazards associated with liquid spills in high-traffic retail environments;
- **E.** Knowledge that inadequate inspection and response protocols during peak periods would foreseeably result in dangerous conditions remaining unaddressed for unreasonable periods.

26. Despite this actual, subjective awareness, Defendant consciously proceeded with indifference to customer safety by:

- **A.** Maintaining inadequate inspection and maintenance protocols given the known heightened risks;
- **B.** Failing to implement or enforce sufficiently robust preventative measures during peak holiday shopping periods;
- **C.** Prioritizing operational efficiency and cost savings over adequate customer safety measures;
- **D.** Consciously accepting the risk of customer injuries rather than implementing reasonable additional safety measures.

## PROXIMATE CAUSE

**27.** The negligent, grossly negligent, and statutorily violative acts and omissions of Defendant Target Corporation, as described above, were a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

**28.** But for Defendant's failures to maintain safe premises and comply with applicable safety standards, Plaintiff would not have been injured.

## DAMAGES

**29.** As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiff has sustained severe and catastrophic injuries, including but not limited to:

A. Traumatic cervical disc herniations at multiple levels requiring surgical intervention;
B. Traumatic brain injury with post-concussion syndrome and persistent cognitive impairment;
C. Vestibular dysfunction affecting balance and coordination;
D. Severe and permanent physical limitations affecting activities of daily living;
E. Chronic pain syndrome;
F. Other injuries to be proven at trial.

**30.** The full extent of Plaintiff's catastrophic injuries has fundamentally altered her daily life, cognitive functions, independence, and ability to enjoy life's basic pleasures. Her traumatic brain injury has resulted in persistent cognitive deficits that affect her memory, concentration, and ability to perform previously routine tasks. The multi-level cervical disc herniations cause chronic pain and physical limitations that prevent her from engaging in activities she previously enjoyed and significantly impact her quality of life.

**31.** As a result of these injuries, Plaintiff has incurred and will continue to incur the following damages:

A. Past medical expenses in the amount of $TBD;
B. Future medical expenses, including ongoing neurological care, pain management, surgical interventions, rehabilitation therapy, assistive devices, and potential lifetime care needs, the full extent of which will be established at trial through expert medical testimony and life care planning;
C. Past lost wages in the amount of $TBD;
D. Future lost earning capacity and diminished earning potential, estimated through expert economic analysis and vocational assessment to account for Plaintiff's reduced ability to work due to her cognitive and physical impairments;
E. Physical pain and suffering, past and future;
F. Mental anguish and emotional distress, past and future;
G. Physical impairment and disfigurement, past and future;
H. Loss of enjoyment of life, past and future.

**32.** Expert testimony will be utilized to establish the nature and extent of Plaintiff's injuries, the necessity and cost of future medical care, diminished earning capacity, and life care needs resulting from her traumatic brain injury and other permanent impairments.

**33.** By reason of the above, Plaintiff seeks monetary relief over $1,000,000 but not more than $5,000,000 in actual damages.

**Exemplary Damages**

**34.** In addition to actual damages, Plaintiff seeks exemplary damages against Defendant Target Corporation as authorized by Chapter 41 of the Texas Civil Practice and Remedies Code.

**35.** As set forth above, Defendant's conduct constituted gross negligence, warranting the imposition of exemplary damages to punish such conduct and deter similar conduct in the future.

**DEMAND FOR PRESERVATION OF EVIDENCE**

36. Plaintiff hereby demands that Defendant Target Corporation, its agents, employees, and representatives immediately preserve and maintain all evidence related to this incident and Plaintiff's claims, including but not limited to:

- **A.** All video surveillance recordings (interior and exterior) of the Target Store from December 24, 2023, covering at least six (6) hours before and after the incident;
- **B.** All employee schedules, time records, and staffing information for December 24, 2023;
- **C.** All cleaning logs, inspection records, and maintenance documentation for December 24, 2023, and the preceding week;
- **D.** All incident reports, accident reports, and related documentation concerning Plaintiff's fall and any other slip/trip/fall incidents at the Target Store for the three (3) years preceding this incident;
- **E.** All internal communications, emails, memoranda, and other correspondence regarding this incident, floor safety policies, or spill response procedures;
- **F.** All corporate policies, procedures, training materials, and protocols related to floor safety, spill response, hazard identification, and customer safety;
- **G.** All safety audit reports, risk assessments, and inspection records for the Target Store;
- **H.** All data, reports, and analyses regarding slip and fall incidents at Target stores, including frequency data for holiday shopping periods.

37. Defendant is hereby warned that the intentional destruction, alteration, or failure to preserve any of the above-described evidence may result in sanctions, including but not limited to adverse jury instructions, exclusion of evidence, monetary sanctions, and other relief deemed appropriate by the Court.

## REQUEST FOR DISCLOSURE

**38.** Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Yvonne Gary respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

- A. Actual damages in excess of $1,000,000;
- B. Exemplary damages as authorized by law;
- C. Pre-judgment interest at the maximum rate allowed by law;
- D. Post-judgment interest at the maximum rate allowed by law;
- E. Costs of court;
- F. Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

By: ______________________

Robert Kiesling
Texas Bar No. 24043754
Email: attorney@rrklegal.us