IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **YVONNE GARY,** *Plaintiff,* | § § § | |
| **v.** | § § § | **CIVIL ACTION NO. 1:25-cv-00984-RP** |
| **TARGET CORP.** *Defendant.* | § § § | |

## DEFENDANT'S MOTION TO STRIKE
## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT JUDGE ROBERT PITMAN:

COMES NOW Defendant Target Corporation ("Target"), and pursuant to 28 U.S.C. §1447(e) and the Federal Rules of Civil Procedure, files this Motion to Strike Plaintiff's First Amended Complaint. In support of the foregoing, Target respectfully offers the following:

### I.
### RELEVANT BACKGROUND

This is a premises liability lawsuit arising from an incident that occurred on or about December 24, 2023, in which Plaintiff alleges she slipped and fell inside a Target store located at 121 Louis Henna Boulevard, Round Rock, Travis County, Texas 78664.

On May 23, 2025, Plaintiff filed the present lawsuit in the 261st Judicial District Court of Travis County, Texas. On June 3, 2025, Plaintiff served Target with this lawsuit, which asserts claims against Target on theories of negligence, premises liability, and gross negligence. Importantly, Target was the only defendant named in Plaintiff's Original Petition. *See generally* Plaintiff's Original Petition.

On June 25, 2025, Target, as the only defendant named and/or served in the lawsuit, timely removed the case to this Court based upon diversity of citizenship of the properly joined parties. It is undisputed that at the time of removal, there was complete diversity among the parties: (1) Plaintiff is a citizen of Texas; and (2) Target Corporation is a corporation organized and existing under the laws of the state of Minnesota with its principal place of business in Minneapolis, Minnesota. *See* Notice of Removal at ¶¶7-8. Therefore, important to Target's current motion, this Court possessed original subject matter jurisdiction over this controversy at the time this lawsuit was filed and at the time of removal, pursuant to 28 U.S.C. § 1332(a)(1).

Thereafter, on August 22, 2025, Plaintiff filed her First Amended Complaint without requesting leave from this Court. Plaintiff's Amended Complaint attempts to join a non-diverse party as an additional defendant in this case under a theory of negligence. However, as demonstrated below, Plaintiff's first Amended Complaint fails to comply with Rule 15(a). As such, Plaintiff's Amended Complaint must be stricken.

## II.
### ARGUMENTS & AUTHORITIES

**A.    Plaintiff's First Amended Complaint fails to comply with Federal Rule of Civil Procedure 15.**

Plaintiff's First Amended Complaint is not compliant with Federal Rule of Civil Procedure 15. Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course within" 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b), (e), or (f), motion, whichever is earlier."

2

*Russell v. Bac Home Loans Servicing, L.P.*, No. SA-14-CA-480-FB, 2014 WL 12489704, at *4 (W.D. Tex. Aug. 21, 2014), report and recommendation adopted, No. SA-14-CA-480-FB, 2015 WL 11545023 (W.D. Tex. Mar. 11, 2015). Although Rule 15(a)(2) provides that leave shall be freely given "when justice so requires," leave is not automatic. *Id*. Whether to grant leave "lies within the sound discretion of the district court." *Id.* "In exercising its discretion, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Id*.

Here, Plaintiff's amended complaint was not filed within 21 days of filing her original pleading, did not require a responsive pleading, and is not responsive to a motion under Rule 12(b), (e), or (f). Accordingly, under Rule 15(a)(2), Plaintiff may only amend her pleading with the opposing party's written consent or leave of Court. Here, Defendant did not consent to the filing of Plaintiff's Amended Complaint, nor did Plaintiff seek leave of court to file such. Therefore, Plaintiff's Amended Petition is improper and should be stricken.

Also important to this issue, 28 U.S.C. §1447(e) unequivocally instructs: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). Based on this statutory mandate, it is well established within the Fifth Circuit—and within the Western District of Texas, in particular—a party may not employ Rule 15(a) to interpose an amendment that will deprive

3

the district court of jurisdiction over a removed action.[1] Therefore, even if a plaintiff files an amended complaint within the deadline provided under Rule 15(a), leave of court is required if the amendment will potentially deprive the court of subject matter jurisdiction.[2]

## III.
### PRAYER

In conclusion, pursuant to Federal Rule of Civil Procedure 15 and 28 U.S.C. §1447(e), and well-established precedent within the Fifth Circuit, Plaintiff's First Amended Complaint should be stricken. Target respectfully requests this Court strike Plaintiff's First Amended Complaint; and for any other and further relief to which it is justly entitled.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288
(512) 472-0721 Fax

By:   */s/ G. Robert Sonnier*
   G. Robert Sonnier
   State Bar No. 18847400
   rsonnier@germer-austin.com
   Samantha C. Jeffers
   State Bar No. 24120924
   sjeffers@germer-austin.com
**ATTORNEY FOR DEFENDANT**

---

[1] *See, e.g., Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135, *1 (W.D. Tex. July 5, 2011); *Medel v. Travis Cnty. Juvenile Probation Dept.*, No. A-10-CA-771-LY, 2011 WL 672310, at *2 n. 4 (W.D. Tex. Feb. 14, 2011); *Brown v. Entrust Admin. Servs.*, No. H–10–5220, 2011 WL 1230275, at *2 (S.D. Tex. March 30, 2011); *Arthur v. Stern,* No. H–07–3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008); *Whitworth v. TNT Bestway Transp., Inc.,* 914 F. Supp. 1434, 1435 (E.D.Tex.1996); *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908 (S.D. Miss. 1995); *Borne v. Siemens Energy & Automation, Inc.*, No. 94–3229,1995 WL 15354, at *1 (E.D. La. Jan. 17, 1995); *Ascension Enters., Inc. v. Allied Signal, Inc.,* 969 F. Supp. 359, 360-61 (M.D. La.1997).
[2] *Id.*

## **CERTIFICATE OF SERVICE**

I certify by my signature below that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on September 5, 2025:

*Via CM/ECF*

| | |
|---|---|
| Robert Kiesling<br>State Bar No. 24043754<br>LAW OFFICE OF RRK<br>13785 Research Boulevard, Suite 125<br>Austin, Texas 78750<br>(512) 436-2779 (t)<br>(737) 210-8877 (f)<br>attorney@rrklegal.us<br><br>**ATTORNEYS FOR PLAINTIFF** | Andres C. Pereira<br>Texas Bar No. 00794440<br>David M. Bizar<br>Texas Bar No. 24110737<br>DJC LAW, PLLC<br>1012 West Anderson Lane<br>Austin, Texas 78757<br>(512) 220-1800 (t)<br>(512) 220-1801 (f)<br>dbizar@teamjustice.com<br>apereira@teamjustice.com<br><br>**ATTORNEYS FOR PLAINTIFF** |

*/s/ G. Robert Sonnier*
G. Robert Sonnier